## THE EDWIN HAWLEY.[1]

### ATLAS S. S. Co. v. THE EDWIN HAWLEY.

*(District Court, E. D. New York. March 10, 1890.)*

COLLISION—TUG WITH DISABLED TOW—FOG—COLLISION CAUSED BY TOW—LIABILITY OF TUG.

A tug, in a very dense fog, went to the aid of a disabled vessel, which she took in tow. While towing her to the shore, on a course which would have carried her past the masts of a steam-ship which lay sunk in the river, the disabled vessel, having no rudder, gave a sudden sheer, which the tug was unable to prevent, and the effect of which, in the strong ebb-tide, was to carry the tug against the masts of the sunken steam-ship. For the damage the owners of the steam-ship libeled the tug. *Held,* that there was no negligence on the part of the tug in going to the aid of the disabled vessel, notwithstanding the fog; there was no negligence in her method of towing, which was the only method possible; and, as the sheer of the tug, which was the immediate and sole cause of the accident, was occasioned by the disabled vessel, and the latter was unable to prevent it, or the tug to anticipate or withstand it, the tug was not liable for the damage.

In Admiralty. Action for damage by collision.

*Wheeler, Cortis & Godkin,* for libelant.

*Carpenter & Mosher,* for claimant.

BENEDICT, J. A steam-ship belonging to the Atlas Steam-Ship Company was sunk in the North river, and at the time in question lay submerged, with her two masts standing above the water some 20 or 30 feet. On the 25th of February, 1889, the tug-boat Edwin Hawley, while lying at a pier in the North river, in a dense fog, learned that a ferry-boat had become disabled in the river. She thereupon put out into the fog to rescue the ferry-boat. The ferry-boat was in time found, and thereupon the tug took her in tow by two lines,—one leading from the stern bitts of the tug to the port, and one to the starboard bitt of the ferry-boat,—and endeavored to take her to a place of safety on the north side of the river. The fog was still exceedingly dense. The tide was strong ebb, and enabled the tug to know that she was nearing the New York shore; but it was impossible for the tug to know her position in the river. In nearing the New York shore, the course of the tug carried her a short distance inside the sunken steamer; and, while in this way passing the mast of the sunken steam-ship, a sudden sheer to westward was given the tug by a sheer which the ferry-boat, having no rudder, took towards the New York shore. When the tug-boat was thus sheered, she was caught on her starboard bow by the strong ebb-tide then running, and carried down upon the mast of the sunken steamer, which was broken off by the collision, to the damage of the steam-ship, as claimed, $5,000.

The evidence being that the mast was not at any time seen by any one upon the tug, the contention on the part of the libelant is that a negligent lookout on the part of the tug caused the disaster; and reliance is

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

placed upon the testimony of witnesses from the ferry-boat, who say that they saw the mast of the sunken steam-ship before the tug came up to it. I am by no means certain that, in such a dense fog as this was, failure to see such an object as a mast sticking up in the water was negligence. But, however this may be, it is plain that the tug's failure to see the mast did not cause the accident. Although the mast had not been seen, the tug-boat had taken a course which would have carried her past the mast in safety, without touching it; and that course was altered, not by any voluntary act of the tug, but by the action of the ferry-boat upon the stern of the tug, against which it was impossible for the tug to contend. This it was that caused the collision. There was no negligence on the part of the tug in going out to rescue the ferry-boat, notwithstanding the density of the fog. It was her duty to attempt that. There was no negligence on the part of the tug in towing the ferry-boat in the way she did; for, so far as appears, that was the only way possible, under the circumstances, to tow the ferry-boat in. The sheer of the tug, which was the immediate and sole cause of the accident, was not caused by the tug, but by a sheer in the disabled ferry-boat, which the ferry-boat could not prevent, and which the tug was unable to anticipate or withstand, and for which she is not responsible. No fault being found on the part of the tug, she cannot be held liable for the damages resulting from her contact with the mast.